UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
ROBERT VAUGHN, :
: Case No. 1:19-cv-2258
        Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 10]
CHARTER COMMUNICATIONS, LLC, :
*et al.*, :
        Defendants. :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff employee sues his employer Charter Communications and alleges civil rights violations. Defendant Charter Communications moved to compel arbitration. In support of its motion to compel arbitration, Charter Communications relies upon an arbitration agreement Plaintiff Vaughn agreed to with his former employer, Time Warner Cable.

For the reasons stated below, the Court **DENIES** Defendants' motion to compel arbitration.

### I. Background

On January 15, 2016, Time Warner Cable hired Plaintiff Robert Vaughn as a sales representative.[1] As part of Time Warner Cable's onboarding process, Vaughn completed an online agreement to arbitrate employment disputes.[2] The arbitration agreement required Vaughn "to arbitrate any and all disputes that ar[ose] out of [his] employment . . . ."[3] The arbitration agreement also stated that "'TWC' means TWC Administration LLC

---

[1] Doc. 1 at 3; Doc. 12-1.
[2] Doc. 10-3 at 2.
[3] *Id.* at 2-3.

together with its parents, subsidiaries, affiliates, successors and assigns."[4] Vaughn agreed to this arbitration provision.[5]

In May 2016, TWC combined with Defendant Charter Communications, LLC ("Charter").[6]

On July 19, 2016, Defendant Charter offered Plaintiff Vaughn a promotion to sales supervisor.[7] Importantly, the letter agreement said that it "constitutes the full terms and conditions of your employment with the Company; it supersedes any other oral or written promises that may have been made to you."[8] On August 19, 2016, Vaughn began his Charter Communications sales supervisor position.[9]

On September 27, 2019, Plaintiff Vaughn sued Charter and his supervisors, Salvador Hildebrand, and Brenda Auger.[10] Vaughn alleges that Defendants discriminated against him based on his race and age while he was a sales supervisor.[11]

On December 10, 2019, Defendants filed a motion to compel arbitration.[12] Plaintiff opposes.[13]

## II.  Discussion

Defendants seeks to compel arbitration pursuant to the Federal Arbitration Act.[14] The Sixth Circuit instructs courts to "determine whether the dispute is arbitrable, meaning

---

[4] *Id.* at Ex. 2.
[5] *Id.* at 3.
[6] *Id.* at 1.
[7] Doc. 12-1.
[8] *Id.*
[9] *Id.*
[10] Doc. 1.
[11] Doc. 1.
[12] Doc. 10.
[13] Doc. 12. Defendants replied. Doc. 14.
[14] 9 U.S.C. § 1 *et seq.* Doc. 10-1.

that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of the agreement."[15]

Courts "review the enforceability of an arbitration agreement according to the applicable state law of contract formation."[16] Under Ohio law:

> "A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration."[17]

When "the language of a contract is clear and unambiguous, a court may not resort to construction of that language."[18]

The language of Defendant Charter's July 2016 employment offer letter is unambiguous. The letter states that it "constitutes the full terms and conditions of your employment with the Company; it supersedes any other oral or written promises that may have been made to you."[19]

Even if the parties had a previous binding arbitration agreement, the July 2016 employment letter did not incorporate such an arbitration agreement. Nor will the Court read into the letter a continuation of the arbitration agreement when the letter says it supersedes any previous promises and the letter contained the "full terms and conditions of [Vaughn's] employment." [20]

---

[15] *Hergenreder v. Bickford Senior Living Group, LLC*, 656 F.3d 411, 415-16 (6th Cir. 2011) (quoting *Mazera v. Varsity Ford Mgmt. Servs., LLC*, 565 F.3d 997, 1001 (6th Cir. 2009)).
[16] *Id.* at 416 (quoting *Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 972 (6th Cir. 2007)).
[17] *Minster Farmers Coop. Exch. Co., Inc. v. Meyer*, 884 N.E.2d 1056, 1061 (Ohio 2008) (internal quotation marks omitted).
[18] *Medical Billing, Inc. v. Medical Mgmt. Sciences, Inc.*, 212 F.3d 332, 336 (6th Cir. 2000) (citing *Hybud Equip. Corp. v. Sphere Drake Ins. Co. Ltd.*, 597 N.E.2d 1096, 1102 (1992), *cert. denied*, 507 U.S. 987 (1993)).
[19] *Id.*
[20] *Id.*

Case No. 1:19-cv-2258
Gwin, J.

Defendants argue that, under Ohio law, the 2016 letter did not form an employment contract.[21] Defendants cite to *Gill v. Monetary Management Corp.* as holding that a letter must specify a term for the duration of employment to form an employment contract.[22] But *Gill* holds that an offer letter with no specified term of duration "provides for employment at-will."[23]

Defendant Charter offered Plaintiff Vaughn employment in exchange for a salary and commission. Vaughn accepted that offer. The employment contract contained no valid agreement to arbitrate, thus Vaughn's claims are not subject to mandatory arbitration.

### III. Conclusion

The employment contract between Plaintiff Vaughn and Defendant Charter did not incorporate a binding arbitration agreement.

For the foregoing reasons, the Court **DENIES** Defendants' motion to compel arbitration.

IT IS SO ORDERED.

Dated: January 23, 2020        *s/ James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[21] Doc. 14.
[22] *Id.* (citing *Gill v. Monetary Mgmt. Corp.*, No. 69949, 1996 WL 532080, at *3 (Ohio Ct. App. Sept. 19, 1996)).
[23] *Gill*, 1996 WL 532080, at *3.